UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

ANN BURTON,

        Plaintiff,

   - against -

SOCIAL SECURITY ADMINISTRATION,

        Defendant.
───────────────────────────────X

MEMORANDUM
AND ORDER
21-CV-6827 (LDH)

BRIAN M. COGAN, United States District Judge:

    Plaintiff Ann Burton ("Burton"), proceeding *pro se,* has filed this action against a federal agency, the Social Security Administration, seeking a record of her Social Security benefits. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons set forth below, the action is dismissed in its entirety.

## BACKGROUND

    The following facts are taken from plaintiff's one-page complaint. Plaintiff, a resident of Florida, alleges that her "requests at five (5) social security offices for a true, accurate calculations of <u>all</u> earnings" have not been honored and that the Social Security Administration has "failed to produce actual records/proof as to how my pension is disbursed according to law, and including U.S. Postal 'missing' records" or "any record of benefits which determines disability or retirement." She alleges that defendant's "inaccurate accounting" has "contribut[ed] to her] gross inhumane suffering." *Id.*

    She asks this Court to order defendant to "comply with laws governing Social Security Adminstration[']s calculations, recordkeeping and disbursement." She further seeks a

"restraining order to stop and prevent further rape, sodomy, kidnapping, ID theft, financial theft, physical and mental torture."

**Plaintiff's Litigation History**

Plaintiff is no stranger to this Court. In 2010-2011, she filed thirteen actions against her former employers, her union, an employment agency, and individuals associated with these defendants. *Burton v. Shinseki*, No. 10-cv-5318; *Burton v. American Federation of Government Employees et al.*, No. 11-cv-1416; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-1417; *Burton v. White Glove Placement, Inc. et al.*, No. 11-cv-1649; *Burton v. Shinseki et al.*, No. 11-cv-2030; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-2757; *Burton v. New York Police Department et al.,* No. 11-cv-4071; *Burton v. White Glove Placement, Inc. et al.,* No. 11-cv-4072; *Burton v. United Stated Equal Employment Opportunity Commission et al.,* No. 11-cv-4074*; Burton v. State Education Dept. et al.,* No. 11-cv-4218*; Burton v. N.Y.S. Department of Labor et al.,* No. 11-cv-4274*; Burton v. City of New York et al.,* No. 11-cv-5345*; Burton v. Civil Court of the City of New York et al.,* No. 11-cv-5606. Although the actions principally alleged employment discrimination, they also alleged that various individuals have entered her apartment, removed and then returned documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed.

In the fall of 2021, she filed three actions: an action against the Office of Personnel Management, a federal agency, concerning accounting and distribution of her pension account, *Burton v. Office of Pers. Mgmt.*, 21-cv-5323 (LDH)(filed Sept. 22, 2021); an action against the United States and hundreds of federal and state elected officials, *Burton v. USA*, 21-cv-6238 (LDH) (filed Nov. 1, 2021); and, on the same day as the instant action, a complaint against a

municipal court regarding her name change request, *Burton v. Civil Court of the City of New York,* 21-cv-6728 (LDH) (filed Dec. 7, 2021).

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § l 915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory*." Livingston v. Adirondack Beverage Co.*, 141 F.3d 434,437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In performing the review required under § 1915(e)(2)(B), this Court is mindful that "[ a] document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers .... " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276,280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Because plaintiff asks this Court to direct a federal agency, the Social Security Administration ("SSA"), to provide records of her account, the Court liberally construes the action as a petition for a writ of mandamus directing the SSA to perform a duty as the only possible basis for this Court's jurisdiction.[1] Nothing in plaintiff's submission suggests that plaintiff has requested her Social Security Statement or any records from the SSA and, the Court is not going to wade into plaintiff's vaguely-referenced alleged "requests from 2010" with the SSA.[2]

Moreover, some of plaintiff's allegations are "wholly incredible." *See Denton v. Hernandez*, 504 U.S. at 33. The allegations that she has been a victim of rape, kidnapping, sodomy, torture and thefts appear particularly irrational. Second, even assuming that plaintiff had been the victim of such crimes, the complaint does not allege any facts to suggest that the SSA

---

[1] Had plaintiff sought damages, her claim against the SSA would be precluded by the doctrine of sovereign immunity. "Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Id.* "The doctrine of sovereign immunity is jurisdictional in nature, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and therefore, to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

[2] If plaintiff seeks a proof of income letter or "Benefit Verification" letter from the SSA, she may create or log in to her Social Security account to "get instant access." *See* https://www.ssa.gov/myaccount/proof-of-benefits.html (last visited Dec. 13, 2021). According to the SSA website, the "Benefit Verification letter, sometimes called a "budget letter," a "benefits letter," a "proof of income letter," or a "proof of award letter," serves as proof of your retirement, disability, Supplemental Security Income (SSI), or Medicare benefits. You may use your letter for loans, housing assistance, mortgage, and for other income verification purposes. You can also use it to prove that you don't receive benefits, have applied for benefits, or that you have never received Social Security benefits or SSI." *Id.*

was in any way involved in such actions. Upon review of this action, this Court has determined that it must be dismissed as frivolous. *Livingston v. Adirondack Beverage Co.,* 141 F.3d at 437.

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i). The Court has considered affording plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so given plaintiff's litigation history and viewing such an opportunity as futile. A review of the complaint does not suggest that Burton has inadequately or inartfully pleaded any potentially viable claims.

Further, the Court warns plaintiff that it will not tolerate frivolous litigation and that if she persists in filing frivolous actions, the Court may enter an Order, after notice and an opportunity to be heard, barring the acceptance of any future complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *Iwachiw v. N.Y. State Dept of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.") (internal quotations and citations omitted).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

_Digitally signed by Brian M. Cogan_

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
April 12, 2022

6